UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| SIDNEY RICHARDSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2016-cv- |
| HYDRO-GEAR, INC., INNOVATIVE STAFF SOLUTIONS, INC. and AGRI-FAB, INC., | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, SIDNEY RICHARDSON, by his attorneys, Ashton Nowlan and Colleen Lawless of Londrigan, Potter, & Randle, P.C., complaining of Defendants, HYDRO-GEAR, INC. (hereinafter "Hydro-Gear"), INNOVATIVE STAFF SOLUTIONS, INC. (hereinafter "Innovative"), and AGRI-FAB, INC. (hereinafter "Agri-Fab") states:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the American's With Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12101 et. seq.

2. The unlawful practices hereinafter alleged were and are now being committed in the Central District of Illinois in Moultrie County, Illinois.

3. All pre-conditions to jurisdiction have been satisfied:

a. On or about April 24, 2015, Plaintiff filed three charges of discrimination with the Illinois Department of Human Rights ("IDHR") which were dual filed in the Equal Employment Opportunity Commission. The charges were filed within one-hundred and eighty (180) and/or three-hundred (300) days after the occurrence of one or more of the unlawful employment practices alleged herein, true and exact copies of which are attached as Plaintiff's Exhibit A;

b. The EEOC issued Plaintiff three (3) Notice of Right to Sue letters, all dated February 16, 2016, which were received on February 19, 2016, stating that Plaintiff could file an action under the ADA. True and exact copies are attached hereto as Plaintiff's Exhibit B; and

c. Plaintiff filed the Complaint in this case within ninety (90) days after the date on which he received the Notice of Right to Sue and a copy was furnished to the EEOC on the same day the Complaint was filed in this Court. A copy of the EEOC letter is attached hereto as Exhibit C.

**Parties**

4. Plaintiff, during all relevant times herein, was and continues to be an adult male resident of Findlay, Illinois, who from approximately April of 2012 to October 30, 2014, worked as an assembly line worker for Defendants, Hydro-Gear and

2

Innovative, in Sullivan, Illinois, as well as applied for available employment positions with Defendant Agri-Fab.

5. While Plaintiff worked for Defendants and/or applied for Defendants' available employment positions, Plaintiff was both an employee and a qualified individual within the meaning of 42 U.S.C. § 12111(4) & (8).

6. On or about October 30, 2014, Defendants, Hydro-Gear and Innovative, fired Plaintiff. The last day Plaintiff was paid for working for Defendants was on or about November 6, 2014.

7. On or about November 4, 2014, Plaintiff applied for any open/available positions with Defendant Agri-Fab. On or about November 5, 2014, Agri-Fab refused to hire Plaintiff.

8. When Defendants fired, failed to accommodate, and/or failed to hire Plaintiff, Plaintiff was disabled within the meaning of one, two or all three prongs of: 42 U.S.C. § 12102(1)(A),(B) and/or (C).

9. At all relevant times herein, Defendant Hydro-Gear was a Delaware corporation doing business in Central District of Illinois, Defendant Innovative was an Illinois corporation doing business in the Central District of Illinois, and Defendant Agri-Fab was a Delaware corporation doing business in the Central District of Illinois, and were covered entities and Plaintiff's employers within the meaning 42 U.S.C. § 12111(2) & (5).

## COUNT I
## HYDRO-GEAR, INC.
## AMERICANS WITH DISABILITIES ACT

1-9. Paragraphs 1 through 9 are incorporated herein by reference as if fully pleaded as paragraphs 1 through 9 of Count I.

10. On or about April of 2012, Plaintiff was hired by Defendant Hydro-Gear and Defendant Innovative to be an assembly line worker in Sullivan, Illinois.

11. On or about April of 2012, Plaintiff informed Defendant Hydro-Gear and Defendant Innovative's managerial employees, including but not limited to, Michelle Lybarger and Brittany Burton, that he had a learning disability of severe dyslexia and illiteracy.

12. Throughout Plaintiff's employment, Defendant Hydro-Gear and Defendant Innovative had accommodated Plaintiff's disability by providing verbal instruction and demonstrations on the machines he operated.

13. During Plaintiff's employment with Defendant Hydro-Gear and Defendant Innovative, Brandon Veatch, one of Plaintiff's supervisors, verbally harassed Plaintiff by repeatedly stating: "go faster," "got to pick it up," and "people are waiting on you," when Plaintiff's work was on schedule.

14. During Plaintiff's employment with Defendant Hydro-Gear and Defendant Innovative, Plaintiff was not allowed to be

4

certified and/or trained on the circuit machines while other non-disabled employees were.

15. During Plaintiff's employment with Defendant Hydro-Gear and Defendant Innovative, Plaintiff was not promoted to a full time position, although other non-disabled employees who had less seniority than Plaintiff were promoted to full time positions.

16. While employed by Defendant Hydro-Gear and Defendant Innovative Plaintiff never received any verbal or written discipline.

17. In October of 2014, Plaintiff applied for a position in Defendant Hydro-Gear's maintenance Department.

18. On or about October 30, 2014, Plaintiff was fired by Defendant Hydro-Gear and Defendant Innovative's employees, Jaime Cavazos and Michelle Lybarger, due to alleged upgrades to Defendant Hydro-Gear's machinery.

19. Mr. Cavazos and/or Ms. Lybarger told Plaintiff that he would not be able to perform the job on the new machines.

20. On or about October 30, 2014, Plaintiff requested verbal and hands-on training of the new machines, but Defendant Hydro-Gear and Defendant Innovative immediately denied his request for accommodation.

21. To date, Defendant Hydro-Gear has not upgraded its machines.

22. Plaintiff was able to perform the essential functions of his job with reasonable accommodation, which Defendant Hydro-Gear and Defendant Innovative willfully denied him.

23. Plaintiff's disability would not have affected his ability to learn how to operate the new machines with reasonable accommodation.

24. Defendant Hydro-Gear and Defendant Innovative unlawfully refused Plaintiff his reasonable accommodation, and then discharged him because of his disability.

25. On or about October 31, 2014, Plaintiff spoke to Ms. Lybarger at Defendant Hydro-Gear's plant and inquired about the maintenance position he had previously applied for. Ms. Lybarger informed Plaintiff that he was no longer employed there and could not get any job in the plant.

26. Plaintiff's disability was unrelated to his ability to perform the maintenance job and he was otherwise qualified to perform the essential functions of the maintenance job.

27. Defendant Hydro-Gear's employment practices, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee, and were the result of Plaintiff's disability. As a result of Defendant Hydro-Gear's conduct, Plaintiff has suffered lost wages, loss of medical benefits, and extreme mental anguish and emotional distress.

28. The acts alleged above constitute unlawful employment practices in violation of the ADA, 42 U.S.C.A. § 12112(a) & (b). All conduct alleged above occurred during a legally cognizable time period at Defendant Hydro-Gear's facility, in which Defendant Innovative has an office, in the Central District of Illinois.

29. On or about October 30, 2014 when Plaintiff was fired and Defendant Hydro-Gear failed to accommodate Plaintiff, and on or about October 31, 2014 when Defendant Hydro-Gear failed to hire and/or promote Plaintiff, Plaintiff had a learning disability of severe dyslexia and illiteracy, that substantially limited one or more major life activities to include but not limited to reading, writing, and communicating, and at the same time was able to perform the essential functions of his job with Defendant Hydro-Gear; and thus, was a qualified individual with a disability within the meaning of 42 U.S.C. § 12102(1)(A).

30. In addition and/or in the alternative to paragraph 29, on or about October 30, 2014 when Plaintiff was fired and Defendant Hydro-Gear failed to accommodate Plaintiff, and on or about October 31, 2014 when Defendant Hydro-Gear failed to hire and/or promote Plaintiff, Plaintiff had a record of a learning disability of severe dyslexia and illiteracy, within the meaning of 42 U.S.C. § 12102(1)(B) and was also able to perform the essential functions of his job.

31. In addition and/or the alternative to paragraphs 29 and 30, on or about October 30, 2014 when Plaintiff was fired and Defendant Hydro-Gear failed to accommodate Plaintiff, and on or about October 31, 2014 when Defendant Hydro-Gear failed to hire and/or promote Plaintiff, Defendant Hydro-Gear regarded Plaintiff as having a learning disability of severe dyslexia and illiteracy, within the meaning of 42 U.S.C. § 12102(1)(C).

32. Plaintiff was fired by Defendant Hydro-Gear, Defendant Hydro-Gear failed to accommodate Plaintiff, and Defendant Hydro-Gear failed to hire and/or promote Plaintiff because Plaintiff was disabled in violation of the ADA.

33. In addition and/or in the alternative to paragraph 32, Defendant Hydro-Gear fired Plaintiff, failed to accommodate Plaintiff, and failed to hire and/or promote Plaintiff because Defendant Hydro-Gear regarded Plaintiff as having a learning disability of severe dyslexia and illiteracy.

34. Defendant Hydro-Gear engaged in the above-described conduct against Plaintiff with malice and in reckless disregard of Plaintiff's federally protected rights under the ADA.

WHEREFORE, Plaintiff, SIDNEY RICHARDSON, respectfully requests a judgment against Defendant, HYDRO-GEAR, INC., with damages to include:

> (a) economic damages in the form of lost back pay, front pay, benefits, and other pecuniary losses, together with interest as permitted by law;

(b) compensatory damages for Plaintiff's mental anguish, pain and suffering, and other pecuniary losses;

(c) punitive damages in an amount to be decided at trial;

(d) Plaintiff's attorney fees and costs of this action;

(e) other affirmative relief necessary to eradicate the effect of Defendant's unlawful employment practices, including reinstatement; and

(f) for such other and further relief as this Court deems necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

## COUNT II
### INNOVATIVE STAFF SOLUTIONS, INC.
### AMERICAN WITH DISABILITIES ACT

1-26. Paragraphs 1 through 26 are incorporated herein by reference as if fully pleaded as paragraphs 1 through 26 of Count II.

27. Defendant Innovative has an office located within Defendant Hydro-Gear's facility.

28. Defendant Innovative provides staffing services for and is under the control of Defendant Hydro-Gear.

29. Defendant Innovative's employment practices, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee, and were the result of Plaintiff's disability. As a

result of Defendant Innovative's conduct, Plaintiff has suffered lost wages, loss of medical benefits, and extreme mental anguish and emotional distress.

30. The acts alleged above constitute unlawful employment practices in violation of the ADA, 42 U.S.C.A. § 12112(a) & (b). All conduct alleged above occurred during a legally cognizable time period at Defendant Hydro-Gear's facility, in which Defendant Innovative has an office, in the Central District of Illinois.

31. On or about October 30, 2014 when Plaintiff was fired and Defendant Innovative failed to accommodate Plaintiff, and on or about October 31, 2014 when Defendant Innovative failed to hire and/or promote Plaintiff, Plaintiff had a learning disability of severe dyslexia and illiteracy, that substantially limited one or more major life activities to include but not limited to reading, writing, and communicating, and at the same time was able to perform the essential functions of his job with Defendant Innovative; and thus, was a qualified individual with a disability within the meaning of 42 U.S.C. § 12102(1)(A).

32. In addition and/or in the alternative to paragraph 31, on or about October 30, 2014 when Plaintiff was fired and Defendant Innovative failed to accommodate Plaintiff, and on or about October 31, 2014 when Defendant Innovative failed to hire and/or promote Plaintiff, Plaintiff had a record of a learning

disability of severe dyslexia and illiteracy, within the meaning of 42 U.S.C. § 12102(1)(B) and was also able to perform the essential functions of his job.

33. In addition and/or the alternative to paragraphs 31 and 32, on or about October 30, 2014 when Plaintiff was fired and Defendant Innovative failed to accommodate Plaintiff, and on or about October 31, 2014 when Defendant Innovative failed to hire and/or promote Plaintiff, Defendant Innovative regarded Plaintiff as having a learning disability of severe dyslexia and illiteracy, within the meaning of 42 U.S.C. § 12102(1)(C).

34. Plaintiff was fired by Defendant Innovative, Defendant Innovative failed to accommodate Plaintiff, and Defendant Innovative failed to hire and/or promote Plaintiff because Plaintiff was disabled in violation of the ADA.

35. In addition and/or in the alternative to paragraph 34, Defendant Innovative fired Plaintiff, failed to accommodate Plaintiff, and failed to hire and/or promote Plaintiff because Defendant Innovative regarded Plaintiff as having a learning disability of severe dyslexia and illiteracy.

36. Defendant Innovative engaged in the above-described conduct against Plaintiff with malice and in reckless disregard of Plaintiff's federally protected rights under the ADA.

WHEREFORE, Plaintiff, SIDNEY RICHARDSON, respectfully requests a judgment against Defendant, INNOVATIVE STAFF SOLUTIONS, INC., with damages to include:

   (a) economic damages in the form of lost back pay, front pay, benefits, and other pecuniary losses, together with interest as permitted by law;

   (b) compensatory damages for Plaintiff's mental anguish, pain and suffering, and other pecuniary losses;

   (c) punitive damages in an amount to be decided at trial;

   (d) Plaintiff's attorney fees and costs of this action;

   (e) other affirmative relief necessary to eradicate the effect of Defendant's unlawful employment practices, including reinstatement; and

   (f) for such other and further relief as this Court deems necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

<u>**COUNT III**</u>
**AGRI-FAB, INC.**
**AMERICANS WITH DISABILITIES ACT**

1-9. Paragraphs 1 through 9 are incorporated herein by reference as if fully pleaded as paragraphs 1 through 9 of Count III.

10. On or about November 4, 2014, Plaintiff applied for any open available positions with Defendant Agri-Fab.

11. AF Holding Company owns both Defendants Agri-Fab and Hydro-Gear.

12

12. Defendant Innovative has an office located within Defendant Agri-Fab's facility.

13. Plaintiff informed Defendant Agri-Fab, through Defendant Innovative's onsite manager, Stephanie Hanks, of his disability of severe dyslexia and illiteracy when he applied and interviewed for open positions with Defendant Agri-Fab.

14. On or about November 5, 2014, Defendant Agri-Fab informed Plaintiff that there were no positions for him at Agri-Fab.

15. After Defendant Agri-Fab failed to hire Plaintiff, it continued to advertise in the newspaper for new employees and open positions.

16. Defendant Agri-Fab hired non-disabled persons to fill the vacant positions.

17. On or about November 5, 2014 when Plaintiff was not hired, he had a learning disability of severe dyslexia and illiteracy, that substantially limited one or more major life activities to include but not limited to reading, writing, and communicating, and at the same time was able to perform the essential functions of the jobs that were available at Defendant Agri-Fab; and thus, was a qualified individual with a disability within the meaning of 42 U.S.C. § 12102(1)(A).

18. In addition and/or in the alternative to paragraph 17, on November 5, 2014, Plaintiff had a record of a learning disability of severe dyslexia and illiteracy, within the meaning of 42 U.S.C. § 12102(1)(B) and was also able to perform the essential functions of the jobs that were available at Defendant Agri-Fab.

19. In addition and/or the alternative to paragraphs 17 and 18, on November 5, 2014, Defendant Agri-Fab regarded Plaintiff as having a learning disability of severe dyslexia and illiteracy, within the meaning of 42 U.S.C. § 12102(1)(C).

20. Defendant Agri-Fab failed to hire Plaintiff because he was disabled in violation of the ADA.

21. In addition and/or in the alternative to paragraph 20, Defendant failed to hire Plaintiff because Defendant Agri-Fab regarded him as having a learning disability of severe dyslexia and illiteracy.

22. Defendant Agri-Fab engaged in the above-described conduct against Plaintiff with malice and in reckless disregard of Plaintiff's federally protected rights under the ADA.

WHEREFORE, Plaintiff, SIDNEY RICHARDSON, respectfully requests a judgment against Defendant, AGRI-FAB, INC., with damages to include:

> (a) economic damages in the form of lost back pay, front pay, benefits, and other pecuniary losses, together with interest as permitted by law;

(b) compensatory damages for Plaintiff's mental anguish, pain and suffering, and other pecuniary losses;

(c) punitive damages in an amount to be decided at trial;

(d) Plaintiff's attorney fees and costs of this action;

(e) other affirmative relief necessary to eradicate the effect of Defendant's unlawful employment practices; and

(f) for such other and further relief as this Court deems necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

>Sidney Richardson, Plaintiff,
>
>By: /s/ Ashton N. Nowlan
>Ashton N. Nowlan, No. 6317933
>Colleen R. Lawless, No. 6300808
>Attorneys for Plaintiff
>LONDRIGAN, POTTER & RANDLE, P.C.
>1227 South Seventh Street
>P.O. Box 399
>Springfield, IL 62705
>Telephone: (217) 544-9823
>Fax: (217) 544-9826
>ashton@lprpc.com
>colleen@lprpc.com